# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00033-CR

**Runnesha La Metria Vertison, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 478TH DISTRICT COURT OF BELL COUNTY, NO. 22DCR86322, THE HONORABLE WADE NICHOLAS FAULKNER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Runnesha La Metria Vertison, acting pro se, filed a notice of appeal on January 16, 2025, from her November 7, 2024 judgment of conviction for the felony offense of kidnapping. *See* Tex. Penal Code § 20.03(a), (c). Because the appeal is untimely, we must dismiss it for want of jurisdiction.

In criminal cases, the notice of appeal must be filed within 30 days after the day sentence is imposed or suspended in open court or within 90 days if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a). Vertison's sentence was imposed in open court on November 7, 2024, and she did not file a motion for new trial. Thus, her notice of appeal was due on December 7, 2024. Because that date fell on a Saturday, her notice of appeal was due the following Monday, December 9, 2024. *See* Tex. R. App. P. 4.1(a); *Williams v. State*, 603 S.W.3d 439, 448 (Tex. Crim. App. 2020).

Vertison's notice of appeal, filed on January 16, 2025, is untimely. *See* Tex. R. App. P. 9.2(c). Under these circumstances, we have no discretion to do anything other than dismiss this appeal.[1] *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) ("If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction."); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) ("If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal.").

Accordingly, we dismiss this appeal for want of jurisdiction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Dismissed for Want of Jurisdiction

Filed: February 14, 2025

Do Not Publish

---

[1] The remedy for a late-filed notice of appeal is to file a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. art. 11.07; *Ex parte Axel*, 757 S.W.2d 369, 374-75 (Tex. Crim. App. 1988); *Lucero v. State*, No. 03-20-00064-CR, 2020 Tex. App. LEXIS 1643, 2020 WL 938976, at *1 (Tex. App.—Austin Feb. 27, 2020, no pet.) (mem. op., not designated for publication).